**RECORD NO. 14-4864**

In The

# United States Court Of Appeals
## For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

# JOHN BARRY MCLENDON,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

————————————

**BRIEF OF APPELLANT**
————————————

**Denzil H. Forrester**
THE LAW OFFICES
   OF DENZIL H. FORRESTER
**3325 Washburn Avenue, Suite 103**
**Charlotte, NC  28205**
**(704) 632-9992**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street  ♦  Suite 230  ♦  Richmond, VA 23219
804-249-7770  ♦  www.gibsonmoore.net

# TABLE OF CONTENTS

**PAGE:**

TABLE OF AUTHORITIES ................................................................ ii

STATEMENT OF JURISDICTION.....................................................1

ISSUE PRESENTED FOR REVIEW ...................................................1

STATEMENT OF THE CASE.............................................................1

SUMMARY OF ARGUMENT ............................................................5

ARGUMENTS ....................................................................................6

      A.    Standard of Review ...............................................6

      B.    Discussion ............................................................6

            Anders Protocol................................................11

            Inmates Should Benefit from Earned Time .......................................12

CONCLUSION .................................................................................15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

i

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASES:**

*Alabama v. Shelton*,
535 U.S. 654 (2002)............................................................................7

*Anders v. State of California*,
386 U.S. 765 (1967)..........................................................................11

*Bolduc v. United States,*
248 F. App'x 162 (Fed. Cir. 2007) ...................................................12

*Crooker v. United States*,
2014 U.S. Claims LEXIS 1414 (Fed. Cl. Dec. 18, 2014) ...............12

*Gall v United States*,
552 U.S. 38 (2007)..............................................................................8

*Olsen V. Correiro*
189 F.3d 52 (1st Cir. 1999)...............................................................11

*Partain v. Karr*,
2009 U.S. Dist. LEXIS 127425 (D.S.C. Dec. 30, 2009)...............14

*Rita v. United States*,
551 U.S. 338 (2007)..........................................................................10

*Robbins v. Smith*,
152 F.3d 1062 (9th Cir. 1997) ..........................................................11

*United States v. Bayerle*,
898 F.2d 28 (4th Cir. 1990) ...............................................................9

*United States v. Blevins*,
892 F. Supp. 2d 754 (2012) .............................................................13

*United States v. Buchanan*,
638 F.3d 448 (4th Cir. 2011) ...........................................................13

*United States v. Carter,*
  564 F.3d 325 (4th Cir. 2009) ........................................................10

*United States v. Crudup,*
  461 F.3d 433 (4th Cir. 2006) ..........................................................6

*United States v. Davis,*
  53 F.3d 638 (4th Cir. 1995) .............................................................7

*United States v. Moulden,*
  478 F.3d 652 (4th Cir. 2007) ........................................................8, 9

*United States v. Susi,*
  674 F.3d 278 (4th Cir. 2012) ..........................................................8

*United States v. Thompson,*
  595 F.3d 544 (4th Cir. 2010) ..........................................................6

*United States v. Whaley,*
  148 F.3d 205 (2d Cir. 1998) ...........................................................7

*Walsh v. Corcoran,*
  2000 U.S. App. LEXIS 5459 ........................................................13

## STATUTES:

18 U.S.C. § 3231 .............................................................................1

18 U.S.C. § 3553(a) ...........................................................5, 6, 8, 13

18 U.S.C. § 3553(a)(2) .....................................................................8

18 U.S.C. § 3553(a)(6) .....................................................................8

18 U.S.C. § 3561(a)(2) .....................................................................2

18 U.S.C. § 3742(a) .........................................................................1

21 U.S.C. § 841(a)(1) .......................................................................2

21 U.S.C. § 846 ...............................................................................2

21 U.S.C. § 860 ..................................................................................................2

28 U.S.C. § 1291 ...............................................................................................1

42 U.S.C. § 1983 ..........................................................................................12, 14

**CONSTITUTIONAL PROVISION:**

U.S. Const. Amend XIV ...................................................................................14

**SENTENCING GUIDELINES:**

U.S.S.G. § 7B1.3(c) ...........................................................................................7

U.S.S.G. § 7B1.3(e) ...........................................................................................7

## STATEMENT OF JURISDICTION

A district court has subject matter jurisdiction to preside over a Supervised Release Violation (SRV) pursuant to Title 18 U.S.C. § 3231.  This Court's appellate jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## ISSUE PRESENTED FOR REVIEW

I.      The district court should have credited defendant for his entire time in federal custody.  Appellant's sentence is unreasonable because the sentencing court did not do so.

## STATEMENT OF THE CASE

On March 1, 1999, John Barry McLendon and thirteen codefendants were named in Count One of a five-count Bill of Indictment returned by the Grand Jury sitting in the Western District of North Carolina, Charlotte Division.  The other counts charged several of his codefendants with separate substantive charges.  On October 19, 1999, Appellant, and several codefendants appeared for trial.   On October 26, 1999, the jury returned a verdict of guilty against Mr. McLendon and his codefendants. (Doc 284 p.6).  McLendon was found to be responsible for 150 grams to 500 grams of cocaine base.  His role in the conspiracy was as a drug runner for Donnell Lindsey, an unindicted coconspirator.  Mclendon was assessed two offense level points for Lindsey's association with a firearm during the conspiracy.  Issues relating to the firearms enhancement were addressed via defendant's

1

objections to the Presentence Report (PSR) dated April 4, 2000. It was responded to by the U.S. Probation Officer in the PSR. McLendon was designated a career offender and elevated to criminal history category VI, due to prior convictions: one for Robbery with a Dangerous Weapon; and another for Possession with Intent to sell/Deliver Cocaine. (PSR p.8, ¶ 30).

On May 2, 2000, John Barry McLendon was sentenced to 324 months imprisonment by the district court, at the low end of the United States Sentencing Guideline (U.S.S.G) range. The top of the range is set at 405 months. The sentence came after McLendon was convicted of Conspiracy to Possess With Intent to Distribute, and Distribute Cocaine and Cocaine Base Within 1000 feet of a Protected Area, 21 U.S.C. §§ 841(a)(1), 846 and 860. The particular institution was still classified as a school despite not carrying-on the stereotypical activities of a school. It officially closed on October 25, 1993. (PSR p.14). Pursuant to 18 U.S.C. § 3561(a)(2), the period of incarceration was followed by five years of supervised release. (Doc. 284 p.6). The district court ordered McLendon to pay a $100.00 assessment. (Doc. 284 p.4). The sentencing court did not order payment of a fine or restitution. McLendon was ordered to refrain from unlawfully purchasing, possessing, using or administering any narcotics or other controlled substances except as duly prescribed by a license physician. (Doc. 284 p.3).

On May 4, 2000, McLendon filed his Notice of Appeal. On August 23, 2002, this Court affirmed the judgment of the district court. (Doc. 411). On May 4, 2009, McLendon filed a Motion for Reduction pursuant to U.S.S.G. Amendment 706. (Doc. 520). On June 10, 2009 the district court granted defendant's motion. Appellant's sentence was reduced from a guideline range of 324-405 months to 262-327 months; all other provisions of the May 2, 2000, judgment remained in effect. That included the term of supervised release and the statutory penalties of 10 years minimum to life.

On June 3, 2012, McLendon filed a Motion for Reduction pursuant to U.S.S.G. Amendment 750. (Doc. 575). On June 11, 2012, the district court granted the motion. McLendon's sentence was reduced from 262-327 months imprisonment to 168-210 months. (Doc. 576). All provision of the May 2, 2000, judgment remained in effect. McLendon's total Bureau of Prison earned time was 181 months; the practical effect of the revised sentence was time-served plus ten days. The 181-month period in custody is 13 months greater than the 168-month term McLendon would have been sentenced to had the law been in effect on May 2, 2000, the date of his original sentence. McLendon's time in custody at a Bureau of Prisons facility is actually longer than the 13 months difference between 181 and 168 months, due to the theoretical accrual of approximately 54 days each year in earned time

3

reduction.  Earned Time is the primary sentence reduction credit that guideline sentencing inmates receive for quality stay at a Bureau of Prisons facility.

On or about June 21, 2012, McLendon's period of supervision began.  United States Probation Officer Barber was assigned to supervise appellant.  Mclendon maintained contact with his probation officer, found employment at Reedy Fork Farms, and made serious attempts to complete substance abuse treatment at DayMark Recovery a facility in Wadesboro, North Carolina.  The aforementioned were done in accordance with several terms of his supervised release condition. (Sentencing Transcript p.4 & 7).  Mclendon is viewed by his employer as an excellent worker.  His employer promised to rehire him upon release from custody.

On June 16, 2014, United States Probation filed a U.S. Probation Petition alleging McLendon violated the terms of his supervised release.  The petition was filed within the period of supervised release.  The multiple violations were for marijuana and cocaine use.  On July 3, 2014, appellant self-surrendered to federal officers and was taken into custody. (Sentencing Transcript p.10).

On July 7, 2014, McLendon was appointed counsel.  On July 9, 2014, MeLendon waived the preliminary hearing in this matter.  On October 1, 2014, the district court held the revocation hearing.  The court, after having found McLendon to be in willful violation of the two Grade C violations, revoked McLendon's supervised release term and sentenced him to six months imprisonment and a thirty-

4

six month term of supervised release. (Sentencing Transcript p. 2 & 14). The sentence was based on the U.S.S.G.; "the Court is going to propose the following after considering these sentencing factors that apply to supervised release violations:" (Sentencing Transcript p.14). On November 11, 2014, McLendon filed a timely notice of appeal.

## SUMMARY OF ARGUMENT

Appellant contends the district court's sentence for the violations of his supervised release conditions is unreasonable. The sentence should be vacated due to a significant mitigating factors i.e., appellant's surplus of earned-time credit which was never accounted for at his revocation hearing. (Sentencing Transcript pp. 4-7). Additionally, his work history, humility and lack of any malice in his violations created the need for special consideration of McLendon's circumstances, under Section 3553(a). Even the sentencing court recognized appellant's behavior was not horrendous conduct. (Sentencing Transcript p. 12). Appellant substantially complied with some of the terms of his release conditions by obtaining gainful employment, for two year and maintaining contact with his supervisory officer. He also sought substance abuse treatment in and out of custody. (Sentencing Transcript p.7 & 12). Appellant believes his: age; diminishing health condition; unjust confinement and; commitment to work should factor against any term of imprisonment and against any need for further supervision.

5

**ARGUMENTS**

A.    Standard of Review

"[W]e review a sentence imposed after revocation of supervised release to determine whether it is "plainly unreasonable." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010); *United States v. Crudup*, 461 F.3d 433, 437-40 (4th Cir. 2006).

B.    Discussion

McLendon acquiesced to the Grade C violations. (Sentencing Transcript p. 2). He sustained five failed drug tests.  Four of the positive test results were for cocaine use, over an 18-month period. (Sentencing Transcript p.11 and Doc. 600 p.4).  His original criminal history category is VI.  His corresponding U.S.S.G. range is 8 to 14 months. (Doc. 600 p5).  McLendon opposes criminal history category VI because he does not believe "career criminal" was part of his original sentencing. (Sentencing Transcript p.6).  However, this instant matter concerns the merits of the supervised release petition and his sentence.  Appellant believes the two years he spent in custody when he should have been released to the community, mitigates in favor of termination of any period of supervised release. (Sentencing Transcript pp. 4-7).  He contends the sentencing court should have either taken no action or terminated supervised release in this matter.  Authority for imposition of that decision is found in the 18 U.S.C. § 3553(a) factors, and Chapter 7B policy statement.  Section

6

7B1.3(c) concerns sentencing options relating to Grade B and C violations. If imprisonment is imposed, adjust for time spent in official detention. U.S.S.G. § 7B1.3(e); *United States v. Whaley*, 148 F.3d 205 (2d Cir. 1998). Though an imperfect correlation to time spent in pre-hearing detention, McLendon argues, he should have been credited for his period of unjust confinement. The sentencing court mentioned, "[t]here's no policy statement that [applies] in this case." (Sentencing Transcript p.13). Court must consider the policy statements of Chapter 7. *United States v. Davis*, 53 F.3d 638 (4th Cir. 1995). Appellant views the omission by his sentencing court as an abuse of discretion. Therefore, his sentence should be vacated.

McLendon served more time in custody than required by his revised sentence. The legally viable issue is whether McLendon's extended stay in custody should have been compensated with termination of supervised release. During his overstay McLendon, an indigent, did not have the services of counsel. Any period of incarceration wherein defendant did not have representation by counsel is plainly unreasonable. *Alabama v. Shelton*, 535 U.S. 654 (2002). Appellant is appreciative of the recommended eight-month sentence at the low end of the Guidelines. (Sentencing Transcript p. 12). However, that and the sentence of six months active imprisonment are no consolation for the unrepresented deprivation of his liberty at the twilight-earning years, of his life.

7

This Court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for Guidelines sentences." *Gall v United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007). Such review examines both the procedural and substantive reasonableness of the sentence. The procedural examination requires the reviewing court to consider the calculation of the policy statement (guideline range), consider the 18 U.S.C. § 3553(a) factors and to sufficiently explain the sentence pronounced. After this has been satisfied only then will a substantive reasonableness examination take place. McLendon believes an appropriate application of 18 U.S.C. § 3553(a)(6), would have freed him from six months of imprisonment and further supervision. There is a glaring disparity between a defendant receiving "No action" and one receiving no credit for time actually served. Appellant posits, "…just punishment for the offense…" as listed in 18 U.S.C. § 3553(a)(2), includes weighing prior harm suffered by defendant through no fault of his, against additional incarceration when said party's grievances have not been redressed.

In the substantive review, this Court may factor in the totality of the circumstances. *Gall* at 51. If a sentence is within or below a properly calculated guideline range the sentence is presumed to be substantively reasonable. *United States v. Susi*, 674 F.3d 278, 289-90 (4th Cir. 2012). In comparison to other sentences and relevant case law the sentence imposed on McLendon is unreasonable. To the

8

extent the sentencing court did any factoring, it did not assign the proper weight to the constitutional harm appellant suffered.

In this matter McLendon, has steady employment; he willfully attempted to travel to substance abuse treatment and; he turned himself in. In a published comparable matter, a district court signed a "No Action Violation Report" after Defendant Moulden tested positive for marijuana use. Eight months later the same defendant tested positive for marijuana and failed to make his monthly restitution payments. Even then, the district court did not revoke his probation. Later that same defendant failed to appear for arrest or questioning by law enforcement. This Court "takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for Guidelines sentences." *Moulden*, at 656. In Moulden this Court found that appellant had been given "a break, a substantial break" and then "flaunted the rules of the court." Here the system took a chunk of liberty away from McLendon via his overstay at a Bureau of Prisons facility. The district court had the opportunity to compensate McLendon for that harm, by way of a variance. However; the sentencing court chose not to make McLendon whole. The district court did not think a variance was appropriate. (Sentencing Transcript p. 14). The decision of a district court not to depart is reviewable when that determination is grounded upon a belief that the court lacks the legal authority to depart. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). Appellant posits

9

notwithstanding the lean towards the judgment of the district court due to the standard of review, this matter is distinguished because the initial constitutional harm to McLendon was grave and worthy of compensation due to the special circumstances. McLendon argues this is a substantive oversight in his sentence. Therefore this Court should remand for resentencing.

>   The *Rita* Court also expressly held that a district court *cannot* presume that a within-Guidelines sentence is reasonable. *Rita v. United States*, 551 U.S. 338, 351 (2007). Moreover, less than a year after issuance of *Rita*, the Court further explained that although "all sentencing proceedings" should begin with "correct calculat[ion]" of the "applicable Guidelines range, "sentencing judges should treat the Guidelines only as "the starting point." *Gall*, at 49. 'After settling on the appropriate sentence," a district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.' *Id.* Simply put, because there is no indication that the district court considered the defendant's nonfrivolous arguments prior to sentencing him, we must find error. Here as in *Carter*, where the inadequacy of the explanation required us to remand for resentencing, 'the district court could have made precisely the same statements in support of" a different sentence. *United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009).

The sentencing court should have tailored the sentence to McLendon by doing away with an active sentence due to the defendant's age and the manual labor he must exert in working on a chicken farm. (Doc 600 p. 4). McLendon situation is unique, once gone time can never be replaced. An empathetic sentence is one that takes into account the precious moments lost being away from appellant's loved ones. The best interest of justice would have been to terminate supervised release or take no action on the matter.

10

## Anders Protocol

The undersigned is aware that he must identity any grounds for relief and brief those issues. "The brief must set forth a statement, of the facts with citations to the transcript, discuss the legal issues with citations of appropriate authority, and argue all issues that are arguable… if counsel concludes that there are no arguable issues and the appeal is frivolous, he may limit his brief to a statement of the facts and applicable law and may ask to withdraw from the case, but he must not argue the case against his client." *Robbins v. Smith*, 152 F.3d 1062, 1066 (9th Cir. 1997).

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate on behalf of his client, as oppose to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict; be of assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders v. State of California*, 386 U.S. 765 at 744 (1967).

11

Appellant admitted to the SR violations at the onset of the revocation hearing. (Sentencing Transcript p.2). However, his sentence to six months imprisonment and a term of three years of supervised release was inappropriate. Even the government suggested a variance. (Sentencing Transcript p. 13). McLendon should have received earned-time credit via a substantial variance.

### Inmates Should Benefit from Earned Time

A good faith argument can be made for a former inmate to request consideration from the court for a period of wrongful imprisonment. Unlawful confinement claims are usually prosecuted under Title 42 U.S.C. § 1983 to recover damages for imprisonment. *Olsen V. Correiro* 189 F.3d 52, 57 (1st Cir. 1999). In that case defendant Olsen's sentence was re-imposed validly, albeit retroactively. McLendon has never been awarded any benefit for his overstay at a BOP facility. The issue is whether McLendon may receive sentencing credit at the time of his SRV hearing for a period of unlawful confinement which resulted because of the USSG Amendments. Pursuant to the amendments a prior district court determined McLendon's sentence to "time served."

McLendon finds logic and support in court decisions that recognize a petitioner is eligible for an award for matters related to unjust confinement. *Crooker v. United States*, 2014 U.S. Claims. LEXIS 1414, 14-15 (Fed. Cl. Dec. 18, 2014). To be clear McLendon is not citing cases to support an argument of unjust

conviction. *Bolduc v. United States,* 248 F. App'x 162, 164 (Fed. Cir. 2007). He has argued those issues in a previous appeal. McLendon's present contention relates to the sentencing judge's treatment of the harm he suffered due to the extended stay in custody. The district court should have carefully followed Section 3553(a) by not pronouncing a sentence that is "greater than necessary."

The same case said no constitutional liberty interest is implicated by not giving an inmate credit for time in the psychiatric ward also recognized he could petition his sentencing court for review as a defective. In *Walsh v. Corcoran,* 2000 U.S. App. LEXIS 5459. McLendon finds the language to mean Mr. Walsh could have appealed to be recognized as lucid. Once found to be competent that inmate would benefit from favorable sentencing credit. Here McLendon seeks to benefit from time he has already given to the system, his period of unjust confinement. In recent cases this Circuit acknowledged the concept of rewarding prison credit when it is deserved or when it serves the interest of justice. *United States v. Buchanan*, 638 F.3d 448 (4th Cir. 2011); *United States v. Blevins*, 892 F. Supp. 2d 754 (2012). In *Buchanan* the probationer could not obtain credit for any period he was a fugitive from justice. The extrapolation of that logic would give credit for, good time, a period of violation-free-living in custody. Giving credit to McLendon for unjust confinement would be a logical iteration under that formula. McClendon believes he would benefit if the totality of his circumstances were accounted for. Though not

13

a model *probationer*, McLendon's story includes mitigating circumstances. They are exemplary compared to other documented cases. Appellant was deprived of liberty, without due process of law, a Fourteenth Amendment violation, during the time he was in custody serving more time than his revised sentence required.

In civil cases a claim of improper sentence credit gives rises to constitutional violations. A high level of constitutional deprivation would invalidate the sentence received by a petitioner. *Partain v. Karr*, 2009 U.S. Dist. LEXIS 127425 (D.S.C. Dec. 30, 2009). In the aggregate the deprivation to McLendon totals over two years, when credit for good time is factored into his reduced sentence. An indigent defendant should find relief for such constitutional violation without the need to file a Title 42 U.S.C. § 1983 claim. In this matter the BOP and the sentencing court may seek refuge in the defense of qualified immunity. Therefore, this appeal is the proper action to champion McLendon's grievances.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully prays this Court will review the record for other possible errors and hold the matter open for Appellant's *pro se* brief.

Respectfully Submitted,

March 19, 2015

**s/Denzil H. Forrester**
N.C. State Bar No. 24976
Attorney for Defendant
Denzil H. Forrester Attorney-at-Law
3325 Washburn Avenue, Suite 103
Charlotte, NC 28205
(704) 632-9992-v
(704) 632-9969-fx
denzilfesq@aol.com

15

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>3,308</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

Dated: March 19, 2015                    <u>s/Denzil H. Forrester</u>
                                         Denzil H. Forrester

                                         *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 19, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Amy E. Ray
> OFFICE OF THE
>   UNITED STATES ATTORNEY
> United States Courthouse
> 100 Otis Street, Room 233
> Asheville, NC  28801
> (828) 271-4661
>
> *Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his last known address of:

> John Barry McLendon
> P.O. Box 11
> Morven, NC  28119

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

> /s/ Karen R. Taylor
> Karen R. Taylor
> GIBSON MOORE APPELLATE SERVICES, LLC
> 421 East Franklin Street, Suite 230
> Richmond, VA  23219